**STATE of Indiana ex rel.
ANR PIPELINE CO.
Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE
REVENUE, Kenneth L. Miller,
Commissioner, Respondent.**

No. 49T10–9502–TA–00011.

Tax Court of Indiana.

Oct. 17, 1996.

Larry J. Stroble, Barnes & Thornburg, Indianapolis, D. Glen Eisen, The Coastal Corporation, Houston, TX, for Petitioner.

Pamela Carter, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

ANR Pipeline (ANRP), petitioner, disputes the authority of the Indiana Department of State Revenue (Department) to revoke or modify its Letter of Findings issued December 7, 1993.

### ISSUE

Whether the Department had the authority to revoke its December 7, 1993 Letter of Finding.

### FACTS

ANRP is involved in the business of producing, refining, transporting, and manufacturing crude oil, natural gas, and refined products. It is one of several energy companies acquired by the Coastal Corporation on March 31, 1985. ANRP, and other Coastal subsidiaries, filed Indiana adjusted gross income tax returns for 1986 and 1987 using the separate company filing method. On April 13, 1989, ANRP, along with other Coastal subsidiaries, petitioned the Department requesting permission to file amended tax returns recalculating the tax liability for 1986, 1987, and 1988 on a combined basis.[1]

On May 15, 1989, the Department granted ANRP's petition and allowed ANRP to amend their 1986 and 1987 adjusted gross and supplemental net income tax returns. Ex. A–4. In addition, the Department permitted ANRP to file on a combined basis for 1988 and forward, contingent upon ANRP filing on a combined basis for a minimum of five tax years. Id.

ANRP filed amended returns for 1986 and 1987 claiming refunds of $1,009,319 and $979,185 respectively. The Department then audited ANRP's 1986 and 1987 amended returns and determined that the combined method of reporting was inappropriate. Ex. B–1. ANRP protested the audit report because it failed to recognize ANRP's combined amended return status.

On September 30, 1993, the Department held a hearing on ANRP's protest and issued a Letter of Findings (First LOF) on December 7, 1993.[2] In this order, the Department found that the "facts unequivocally demonstrate the presence of functional integration, centralized management, and economies of scale" among the Coastal subsidiaries and thus "constitute a unitary business relationship" entitled to combined filing. First LOF at 5. The Department further found that "the facts indicate that separate reporting results in severe distortion and substantially fails to fairly reflect the income derived [from] Indiana sources." Id. Therefore, ANRP's protest was sustained, and ANRP was granted permission to file on a combined return basis with the entire Coastal group.

Subsequent to this determination, a supplemental audit of ANRP was conducted to verify the 1986 and 1987 refund amounts. The auditor increased the refund due ANRP for 1987 to $1,001,292 and confirmed the refund due for 1986 as $1,009,320, plus respective interest payments.[3] ANRP contacted the Department several times after the audit requesting payment of the refund and

---

1. *See* INDIANA CODE ANN. § 6–3–2–2(q) (1989) which provides in pertinent part: "[o]ne (1) or more taxpayers may petition the department under subsection (*l*) for permission to file a combined income tax return for a particular taxable year or years."

2. The first LOF was for the tax years 1986–1987.

3. The auditor determined that interest payments through April 15, 1994, amounted to $554,825.45 for 1987 and $643,088.94 for 1986.

interest amounts totaling $3,208,526.39.[4] On November 4, 1994, ANRP filed a verified complaint in the Marion Superior Court requesting payment of the approved tax refunds.

On November 7, 1994, the Department issued a second Letter of Findings (Second LOF) to "correctly state the Department's position as it relates to the retroactive filing of combined/unitary returns." Second LOF at 1. The stated purpose of this second LOF is to "revoke the [first LOF] issued December 7, 1993 [due to a] mistake of law." *Id.*

On February 2, 1995, ANRP filed an original tax appeal in this Court requesting enforcement of the first LOF and invalidation of the second LOF along with a mandate for the Department to pay the approved tax refunds plus interest. The Marion Superior Court transferred the action to the Tax Court on May 26, 1995, based on this Court's exclusive jurisdiction over tax appeals. *See Ind. Tax Court Rule* 2, 13. The parties are now before this Court on cross-motions for summary judgment. Additional facts will be supplied as necessary.

### STANDARD of REVIEW

■ The Tax Court reviews appeals from final determinations of the Indiana Department of State Revenue *de novo* and is not bound by evidence or issues raised at the administrative level. *National Serv–All Inc. v. Indiana Dep't of State Revenue*, 644 N.E.2d 954, 955 (Ind. Tax Ct.1994). A motion for summary judgment will be granted only when there is no genuine issue of material fact, and a party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). "If no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment." *Encyclopaedia Britannica, Inc. v. State Bd. of Tax Comm'rs*, 663 N.E.2d 1230, 1232 (Ind. Tax Ct.1996) (citation omitted).

### ANALYSIS and DISCUSSION

ANRP claims, first, that the December 7, 1993 LOF was a final determination of the Department which the Department lacks the

power to revoke or modify. Consequently, ANRP argues that this first LOF is legally binding upon the Department, and the second LOF is void and unenforceable. Second, ANRP asserts that even assuming the Department could revoke or modify a final determination to correct an error of law, the first LOF contained no error of law, so no grounds existed for the Department to issue a second LOF. Third, ANRP contends that even if the Department had the authority to revoke the first LOF, the Department had to act within the time allowed by the controlling statute for judicial review, which in this case expired before the second LOF was issued.

The Department counters that the first LOF was not revoked but rather was merely supplemented by the second LOF. The Department asserts that the first LOF merely granted ANRP the right to file on a combined basis, not the right to file an amended return on a combined basis. Dep't Br. at 14. Accordingly, the Department argues that the first LOF never addressed whether ANRP could retroactively elect combined filing by submitting an amended return. The second LOF addressed this question and denied ANRP such a right. The Department argues, in the alternative, that the first LOF was based on a mistake of law and that the Department had the authority to issue the second LOF to correct the error. The Court declines the Department's invitation to uphold the second LOF based on either of these arguments.

### A. The First Letter of Findings

■ The Department's argument that it did not finally determine whether ANRP could amend its 1986 and 1987 returns until the second LOF is clearly without merit. On May 15, 1989, the Department granted ANRP the right to amend its past returns. The Department issued a document stating in pertinent part:

> This is in response to your correspondence of April 13, 1989 which contained petitions for 1986, 1987, and 1988 requesting permission to file Indiana income tax returns on a combined basis. . . .

4. *See* Ex. B (Alger Aff.). This figure includes

interest only though April 15, 1994.

Permission is granted to amend tax years 1986 and 1987. Permission is also granted for tax years 1988 and forward. Permission for all years is contingent upon your agreement to continue with this filing method for a minimum of five (5) tax years.

Ex. A–4. Relying on this determination, ANRP filed amended returns on a combined basis for the tax years 1986 and 1987. After an audit resulting in the "disallowance of unitary status for purposes of the taxpayer's petition for combined reporting," which ANRP protested, the Department issued the first LOF which sustained ANRP's protest. The first LOF concluded that ANRP "may file on a combined basis with the entire Coastal group, because there exists a clear unitary business relationship among parent and subsidiaries and the separate return basis results in substantial distortion and does not fairly reflect income derived from Indiana sources." First LOF at 6. Taken together, the May 15, 1989 document and the first LOF firmly established ANRP's right to amend its returns, make a retroactive election to file on a combined/unitary basis, and receive refunds for the tax years 1986 and 1987. The first LOF was a proper exercise of the Department's authority pursuant to IND.CODE ANN. § 6–8.1–5–1(b) (1989) and constitutes a final determination by the Department.

**B.** *Power to Correct an Error of Law*

■■ The Department's alternative contention that it possessed the power to vacate its first LOF based on an error of law also fails. Because administrative agencies are creations of the legislature, they generally cannot exercise powers beyond those specifically granted by the General Assembly. *Auburn Foundry, Inc. v. State Bd. of Tax Comm'rs*, 628 N.E.2d 1260, 1263 (Ind. Tax Ct.1994). All doubts regarding a claim to power by a governmental agency are re-

solved against the agency. *Adkins v. City of Tell City*, 625 N.E.2d 1298, 1302 (Ind.Ct.App. 1993). Thus, administrative bodies may not usually rescind their final determination absent some statutory provision granting that authority. *Id.; see also Auburn Foundry*, 628 N.E.2d at 1263.

■■ This rule is not absolute, however, for "[w]hen an administrative agency recognizes its own error of law, it may correct that error." *Adkins*, 625 N.E.2d at 1302. A mistake of law occurs when "a party, having full knowledge of the facts, comes to an erroneous conclusion as to their legal effect." *Black's Law Dictionary* 5th ed. at 903. Thus, in order to show that an error of law occurred in the issuance of the first LOF, the Department must cite to a statute, legal principle, or change in case law that was neglected or misapplied to the facts. This the Department fails to do.[5]

The Department relies on the fact that the second LOF states on its face that its purpose was to revoke the first LOF "as it relates to the finding that the entire Coastal group may file retroactive combined returns for the years 1986 and 1987 ... based upon a mistake of law." Second LOF at 1. However, the Department's reasoning in the second LOF belies this characterization. The first LOF granted ANRP the right to file amended combined/unitary returns pursuant to IND. CODE ANN. § 6–3–2–2(q). The second LOF did not address IND.CODE ANN. § 6–3–2–2 and whether the law was properly interpreted and applied in this instance. Rather, the second LOF focused on two issues: first, Indiana does not statutorily guarantee taxpayers the right to file amended returns, *see UACC Midwest, Inc. v. Indiana Dep't of State Revenue*, 629 N.E.2d 1295, 1298–1301, n. 6 (Ind. Tax Ct.1994), and second, amended returns are inappropriate, under federal law, where the taxpayer has already selected a valid method of taxation but attempts to

---

**5.** In addition, INDIANA ADMIN. CODE tit. 45, § 15–3–2(d)(2) (1992) permits the revocation or modification of a ruling to be applied retroactively under "extreme circumstances" including a misstatement or omission of material facts, the development of material facts different from those on which the department based its ruling, a change in the applicable statute, case law or regulation, or the taxpayer not acting in good faith. The only "extreme circumstance" discussed or offered by the Department in this case is error of law. As discussed, the Court finds no support for concluding that an error of law was made. No other "extreme circumstance" is alleged or apparent to the Court.

change to an alternative method merely to minimize taxes, *see Pacific Nat. Co. v. Welch*, 304 U.S. 191, 193–94, 58 S.Ct. 857, 858, 82 L.Ed. 1282 (1938). Such a change in reasoning does not constitute an error of law and does not justify the alteration of a final administrative decision. *See American Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145–46, 79 S.Ct. 170, 177, 3 L.Ed.2d 172 (1958) (holding that administrative agencies may correct decisions containing clerical errors or issued inadvertently but "may not use [such a pretext] for changing previous decisions because the wisdom of past decisions appears doubtful in the light of changing policies").

Essentially, the Department is arguing that since it could have denied ANRP's request to file the amended returns in December 1993, it should be permitted to revoke its approval of that request. This argument is no more persuasive to this Court today than it was to the Indiana Supreme Court in 1926 when the high court explained that the "power to undo an act once done will not be implied from the mere grant of power, in the exercise of a sound discretion, to do the act." *Cress v. State*, 198 Ind. 323, 333–34, 152 N.E. 822, 826 (1926). "[A]n act once done ... cannot be undone and nullified unless the power to undo it has been reserved." *Id.* at 334, 152 N.E. at 826. In other words, absent clear authority from the legislature, the Department may not revoke a final determination merely because it has a change of heart. Because the Department cites to no such authority, this Court must resolve the claim against the Department. The Department chose to grant ANRP's request to file amended returns on a combined basis resulting in a refund and now must honor that decision.

### C. *Statute of Limitations*

■ The Court notes in addition that even if the circumstances of this case would have permitted the Department to revisit its first decision, the Department forfeited any such authority by failing to act within a reasonable amount of time. *See Indiana Civil Rights Comm'n v. Indiana Dep't of Aging and Community Servs.*, 529 N.E.2d 872, 876 (Ind.Ct. App.1988); *Dale Bland Trucking, Inc. v. Calcar Quarries, Inc.*, 417 N.E.2d 1157, 1160 (Ind.Ct.App.1981). A reasonable period of time has been defined, in this context, as "coextensive with the time allowed by the controlling statute for review." *Dale Bland*, 417 N.E.2d at 1160.

A taxpayer has one hundred eighty days after the date on which the LOF is issued to seek an appeal of the Department's determination. IND.CODE ANN. § 6–8.1–5–1(g) (West Supp.1996). Therefore, the Department had 180 days or until June 5, 1994, to reconsider its December 7, 1993 LOF. The Department issued the second LOF on November 4, 1994, eleven months after the initial LOF and five months after the time provided for taking an appeal.[6]

Public policy supports the binding nature of the Department's determination. Our judicial system embraces the finality of decisions and the eventual end of controversy in all areas of the law. *Dale Bland*, 417 N.E.2d at 1160.

### CONCLUSION

This Court holds that the first LOF was a final determination of the Department and that the subsequent LOF was, therefore, void and legally invalid. The Court finds no genuine issues of material fact and holds that ANRP is entitled to judgment as a matter of law. The Court now GRANTS ANRP's motion for summary judgment and DENIES the Department's motion for summary judgment. The Department's December 7, 1993 LOF should be fully implemented with a refund plus interest paid to ANRP.

---

6. Under IND.CODE § 6–8.1–9–1(c) (West Supp. 1996) the taxpayer has ninety days after the date the department mails the decision of denial of a refund claim in order to appeal. Thus, the Department would have had ninety days or until March 7, 1994 to reconsider its first LOF under a refund claim calculation.