**Max D. HORRALL, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 63A01–9607–CR–222.

Court of Appeals of Indiana.

Dec. 4, 1996.

Russell E. Mahoney, Petersburg, for Appellant–Defendant.

Pamela Carter, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

ROBERTSON, Judge.

Max D. Horrall brings this belated appeal of his conviction of Possession of Marijuana, a class D felony, pursuant to Ind.Post–Conviction Rule 2(3). Horrall was prosecuted for this offense after the Indiana Department of Revenue had assessed a Controlled Substance Excise Tax [CSET] against him in an amount in excess of $12,000.00 with respect to the marijuana in question. The sole issue raised on appeal may be restated as:

whether Horrall is entitled to the application of *Bryant v. State,* 660 N.E.2d 290 (Ind.1995).

We reverse.

### FACTS

The dispositive facts are not disputed. In 1993, the police searched Horrall's property pursuant to a warrant and seized 217 marijuana plants. The police contacted the Indiana Department of Revenue which then assessed a CSET tax and penalty in the amount of $11,624.00 against Horrall based on the marijuana seized. Later, the Department issued a tax warrant against Horrall which it recorded in the County judgment docket in the amount of $12,240.52.

Criminal charges were also pursued, and Horrall was ultimately convicted of the Possession of Marijuana after a trial by jury. Horrall timely filed a praecipe, but his appeal did not proceed because the appellate counsel who had been appointed failed to file the record of proceedings with this court.

Horrall served his thirty month sentence. After his release in 1996, Horrall pursued a belated appeal. This court granted his petition for permission to file a belated appeal under P–C.R. 2(3), and this appeal proceeded in due course.

### DECISION

■ Prosecution for possession of marijuana after the assessment of CSET is barred by principles of double jeopardy. *Bryant,* 660 N.E.2d at 300. Generally, a newly declared constitutional rule regarding the conduct of criminal prosecutions is applied to all cases pending on direct review. *Davis v. State,* 598 N.E.2d 1041, 1051 (Ind. 1992). However, a new constitutional rule of criminal procedure is generally not applicable to those cases on collateral review, that is, those which have become final before the new rule was announced. *Daniels v. State,* 561 N.E.2d 487, 488–89 (Ind.1990).

■ The State argues that Horrall may not benefit from a "retroactive" application of *Bryant* in this belated appeal. The State argues that the procedure for bringing a belated appeal under P–C.R. 2 "essentially allows collateral attacks on a conviction, although under the guise of a direct appeal." (State's brief, p. 5). We disagree.

As discussed by Professor Stroud:

Post–Conviction Remedy Rule 2 ... is not a post-conviction relief procedure in the truest sense. Rule P–C.R. 2, unlike Rule P–C.R. 1, *does not create a procedure for collaterally challenging a conviction or sentence.* P–C.R. 2 does, however, provide a means by which a procedurally derailed appeal can be set back on the track towards review on the merits. *The function, then, of rule P–C.R. 2 is to facilitate the direct appellate review of convictions.*

Stroud, Kenneth M., 4A *Indiana Practice* (2nd Ed.1990) § 18.1 p. 253 (Emphasis added). Moreover, our supreme court has held that the Equal Protection Clause of the United States Constitution prevents a state from imposing a more rigorous standard on an appellant seeking a belated appeal under P–C.R. 2 than on those seeking a timely appeal. *Gallagher v. State,* 274 Ind. 235, 410 N.E.2d 1290, 1292 (1980).

The present appeal, although belated, is a direct appeal. Therefore, Horrall is entitled to an application of *Bryant,* 660 N.E.2d 290, and we must vacate his criminal conviction under principles of double jeopardy. *See id.* at 300.

Judgment reversed.

BAKER, J., and SHARPNACK, C.J., concur.