Max D. HORRALL, Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE, Respondent.

No. 49T10–9706–TA–00157.

Tax Court of Indiana.

Nov. 10, 1997.

Max D. Horrall, Petersburg, pro se.

Jeffrey A. Modisett, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for Respondent.

these continuances were sought because Frisbie changed lawyers.

FISHER, Judge.

Max D. Horrall appeals a final determination of the Department of State Revenue (Department). Horrall claims that the Department erroneously assessed him with a Controlled Substance Excise Tax (CSET) and claims that he is entitled to a refund of the tax he has already paid by levy. Horrall makes a variety of challenges to the legality of the Department's assessment. First, he asserts that he is an ultimate user and therefore not liable for the tax. *See* IND. CODE ANN. § 6–7–3–5 (West Supp.1997). Second, he asserts that others are liable for the tax, specifically, the judge in his criminal case, members of the jury, the prosecutor, as well as the police because they handled and/or manufactured the marijuana in the course of Horrall's prosecution for marijuana cultivation. Third, he asserts the date of the assessment, May 20, 1997, renders the assessment fatally defective because he was incarcerated on that date and therefore did not possess the marijuana on that date. Finally, Horrall asserts that the tax statute is void for vagueness.

## FACTS AND PROCEDURAL HISTORY

On May 19, 1993, the police entered Horrall's property pursuant to a search warrant and seized approximately 217 growing marijuana plants. The police informed the Department, and the Department assessed Horrall for an amount totaling $11,624[1] for possession of marijuana. *See* IND.CODE ANN. § 6–7–3–5(2) (West Supp.1997) (making possession of controlled substance taxable). Subsequently, Horrall was prosecuted for and convicted of cultivating marijuana. *See* IND.CODE ANN. § 35–48–4–11(2) (West 1986). The Indiana Court of Appeals reversed Hor-

rall's conviction on double jeopardy grounds because the CSET assessment (which occurred prior to Horrall's criminal trial) constituted jeopardy for Fifth Amendment purposes. *See Horrall v. State*, 673 N.E.2d 526 (Ind.Ct.App.1996).

On May 20, 1993, an agent of the Department informed Horrall personally of the assessment while Horrall was held in the Knox County Jail. Horrall informed the agent that he did not have the funds to pay the tax. That day, the agent also prepared and served a levy to obtain the $175 that the police had seized from Horrall. On June 1, 1993, Horrall protested the assessment by mailing a letter that simply stated, "I protest!"[2] (Rept's Ex. G at 2). The Department held a hearing on this matter and denied Horrall's protest in a letter of findings dated March 27, 1997. On June 18, 1997, Horrall initiated this original tax appeal. On September 25, 1997, the parties tried this cause before this Court. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court reviews the Department's final determinations de novo and is bound by neither the evidence nor the issues raised at the administrative level. *ANR Pipeline Co. v. Department of State Revenue*, 672 N.E.2d 91, 93 (Ind.Tax 1996).

## DISCUSSION AND ANALYSIS

■ The CSET is imposed on those who possess a controlled substance "in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C. 852." IND.CODE ANN. § 6–7–3–5. Horrall acknowledges that he was in possession of the marijuana.[3] (Trial Tr. at 34).

---

1. Horrall's tax liability was calculated as follows: 145.3 grams of marijuana multiplied by $40 for each gram and fraction thereof. *See* IND CODE ANN. § 6–7–3–6(a)(1) (West Supp.1995) (amended 1996, *see id.* § 6–7–3–6(b)(2) (West Supp.1997)). (The amendment reduced the tax on a gram of marijuana from $40 to $3.50.) Horrall was also assessed a 100% penalty because he did not pay the tax when due. *See id.* § 6–7–3–11(a) (West Supp.1995) (amended 1996). (The amendment eliminated the criminal sanction for non-payment of the tax.) The Department also assessed collection costs and fees when it issued a tax warrant. *See id.* § 6–8.1–8–2 (West Supp.1992)

(codified as amended at *id.* § 6–8.1–8–2 (West Supp.1997)).

2. Horrall's correspondence is treated as a written protest for the unpaid portion of the tax and is treated as a claim for refund for the $175 that Horrall involuntarily paid via the levy.

3. Marijuana is defined as "any part of the plant genus Cannabis whether growing or not ... [except] the mature stalks of the plant [or] fiber produced from the plant...." IND.CODE ANN. § 35–48–1–19 (West Supp.1997). The 217 plants obviously fall into this definition.

Such possession violates IND.CODE ANN. § 35–48–4–11 (West 1986), unless Horrall had a legal justification. Horrall argues that he was an ultimate user and therefore had a legal justification.

An ultimate user is "a person who *lawfully* possesses a controlled substance for the person's own use, for the use of a member of the person's household, or for administering to an animal owned by the person or by a member of the person's household." IND. CODE ANN. § 35–48–1–27 (West Supp.1997) (emphasis added). Horrall claims status as an ultimate user because he planned to use the marijuana plants to construct what he terms "a hemp hut." (Trial Tr. at 34–35). Horrall admitted at trial that he did not have any kind of occupational license. (Trial Tr. at 30–31). Horrall also offered no other justification for his marijuana possession.[4]

Giving Horrall's hemp hut testimony a plausibility it likely does not merit [5] fails to help Horrall's cause. The planned construction of a hemp hut does not make Horrall's possession of the marijuana lawful. The Indiana Code simply does not provide a hemp hut exception (despite its alliterative appeal) to the general rule that the possession of the "demon weed" [6] is illegal in Indiana. Consequently, Horrall's challenge to the assessment on this basis fails.

■■■ Next, Horrall argues that others either possessed or manufactured (by cutting down the growing plant) the marijuana on the same day that he was assessed for the CSET. This fact is of no avail to Horrall. Even if others were subject to the tax (and in

this case they are not), Horrall is not relieved of *his* tax liability. In a related argument, Horrall contends that because he did not manufacture[7] the marijuana, his possession of marijuana is not taxable. This argument fails because the possession of marijuana (whether the possessor manufactured it or not) is taxable.

■■■ Horrall also argues that the assessment is fatally defective because the notice of proposed assessment listed the assessment period as May 20, 1993, (Rept's Ex. D) a day that Horrall could not possibly have possessed the marijuana due to his incarceration. The Department argues that Horrall was not prejudiced by this "apparent clerical error." (Rept's Post–Trial Br. at 6).

The notice of proposed assessment has various functions. First and foremost, it informs the taxpayer that the Department believes that the taxpayer owes tax. *See* IND. CODE ANN. § 6–8.1–5–1(a) (West Supp.1997). It also provides information concerning written protest procedures, *see id.* § 6–8.1–5–1(c), and serves as prima facie evidence that the Department's claim is valid. *See id.* § 6–8.1–5–1(b). (This has the practical effect of forcing the taxpayer to come forward with evidence demonstrating that the claim is invalid.) Lastly, the notice begins the running of the sixty-day period in which a taxpayer must file a written protest or else lose his right to challenge the assessment. *See id.* § 6–8.1–5–1(c).

These functions demonstrate that the notice of proposed assessment is an important *procedural* device. This leads to the conclu-

---

4. The Department is not required to negative every conceivable justification for Horrall's possession. *See Stanley v. State*, 252 Ind. 37, 245 N.E.2d 149, 151 (1969).

5. The implausibility of Horrall's hemp hut testimony is evidenced by the following colloquy between the Court, the Deputy Attorney General, and Horrall:

> HORRALL: I will agree that I was in possession as an ultimate user. It was my best estimate at the time that it would take approximately 50 of those mature stalks to produce a framework for a structure [which would] best be described as a hut.
> MR. ARTHUR: And what would be constructed out of these stalks and stems?

> HORRALL: Well, ... they would be grown into a structure that would support a roof and walls.
>     . . . .
> THE COURT: Let me see if I understand. You're saying that ... you had these plants planted in such a way that the stalks could grow up ... [and] then you could coax them into a form that they would grow into a hut.
> HORRALL: Yes.
> (Trial Tr. at 35–36)

6. *Conner v. State*, 626 N.E.2d 803, 805 (Ind. 1993).

7. *See* IND.CODE ANN. § 35–48–1–18 (West Supp. 1997) (defining manufacture).

sion that the slight factual error in the notice of proposed assessment given to Horrall does not impact the *substantive* question of Horrall's tax liability. There is no statutory requirement that a notice of proposed assessment contain completely accurate information concerning the basis for the Department's belief. Nor is there any evidence that the legislature intended the Department to be bound by factual representations contained in a notice of proposed assessment.

This Court acknowledges that there may be certain situations where factual errors in the notice of proposed assessment will prejudice taxpayers. In those instances, this Court will undoubtedly have adequate remedies at its disposal to cure any prejudice, short of holding the notice of assessment invalid. It is worth noting that Horrall could not possibly have been prejudiced by this factual inaccuracy. Horrall was not lulled into failing to file a written protest, nor was the preparation of his case affected. Horrall's claim that the assessment was fatally defective therefore fails.

 Lastly, Horrall argues that the criminal statute outlawing possession of marijuana is void for vagueness. Horrall cor-

rectly asserts that criminal[8] statutes must be sufficiently definite so as to apprise a person of common intellect as to the type of conduct prohibited. *See Payne v. State,* 484 N.E.2d 16 (Ind.1985). However, Indiana's statutory prohibition on the unlawful possession of marijuana informs persons of ordinary intellect of the type of conduct prohibited. Likewise, the statute making the unlawful possession of marijuana taxable is exceedingly clear. Horrall's argument must therefore fail.

## CONCLUSION

Because Horrall possessed marijuana without lawful authority and did not tender payment of the CSET on time, this Court concludes that the Department properly assessed Horrall for the CSET and the penalty. The Department is therefore affirmed in all respects.

---

**8.** This Court notes that it is dealing with the propriety of a taxing statute, not a criminal statute. However, the Indiana Supreme Court has ruled that assessment under this statute is punitive. *See Clifft v. Department of State Revenue,* 660 N.E.2d 310 (Ind.1995). This triggers certain federal and state constitutional protections for the taxpayer. In light of the fact that neither party has proposed a standard for evaluating whether this statute is void for vagueness and that the Indiana Supreme Court has not ruled on the issue, this Court evaluates the void for vagueness challenge under the standard for criminal statutes.