**CNB BANCSHARES, INC., Petitioner,**

v.

**DEPARTMENT OF STATE REVENUE, Respondent.**

No. 82T10–9608–TA–00094.

Tax Court of Indiana.

March 5, 1999.

---

Catherine A. Nestrick, Terry G. Farmer, Bamberger, Foreman, Oswald & Hahn, Evansville, IN, Attorneys for Petitioner.

Jeffrey A. Modisett, Attorney General of Indiana, Lisa Tiberend–Slawson, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

CNB Bancshares, Inc. (CNB) appeals a final determination of the Department of State Revenue (Department) denying it a tax credit for interest received on qualified loans, *see* IND.CODE ANN. §§ 6–3.1–7–1 to –6 (West 1989 & Supp.1998), made to businesses located within a statutorily designated enterprise zone. *See* IND.CODE ANN. §§ 4–4–6.1–1 to –8 (West 1991 & Supp.1998).

## FACTS

The relevant facts are undisputed. CNB, a holding company located in Evansville, Indiana, owns several banks. CNB, through its subsidiaries, loaned money to several businesses and individuals located in the Evansville Enterprise Zone (EZ). CNB claimed a loan interest credit (credit) for loans it made to businesses located in the EZ on its 1992 Financial Institutions Tax [1] (FIT) return. In calculating its FIT liability for the 1992 tax year, CNB applied a loan interest credit (credit) for interest received from loans it made to businesses located in the EZ. *See* IND.CODE ANN. §§ 6–3.1–7–1 to –6.

On December 18, 1992, the EZ Board, *see* IND.CODE ANN. § 4–4–6.1–1 (West Supp. 1998), recommended to the Department that CNB be disqualified from receiving any credits against its FIT liability. The EZ Board reasoned that CNB had failed to register as

---

**1.** *See* IND.CODE ANN. §§ 6–5.5–2–1 to –8 (West    Supp.1998).

an EZ business and had failed to reinvest the amount of money its FIT liability was reduced by the credit in the EZ. *See* IND.CODE ANN. § 4-4-6.1-2 (West 1991) (amended 1995, 1996 & 1998). The Department, acting on this recommendation, issued a Notice of Proposed Assessment to CNB on January 12, 1996 disallowing the credit taken by CNB on its 1992 FIT return. *See* IND.CODE ANN. § 6-8.1-5-1 (West Supp.1998).

On March 8, 1996, CNB paid the proposed assessment and subsequently, on June 6, 1996, CNB filed a claim for refund for the entire amount it paid pursuant to the proposed assessment. *See* IND.CODE ANN. § 6-8.1-9-1 (West Supp.1998); *see also City Securities Corp. v. Department of State Revenue*, 704 N.E.2d 1122, 1125-26 (Ind. Tax Ct.1998). On July 1, 1996, the Department issued an order denying CNB's claim for refund. CNB filed this original tax appeal on August 5, 1996. On February 3, 1997, CNB filed a motion for summary judgment. This Court heard oral argument on that motion on April 4, 1997.

## ANALYSIS AND OPINION

### Standard of Review

■ This court reviews final determinations of the Department de novo and is bound neither by the evidence nor the issues raised at the administrative level. *See* IND. CODE ANN. § 6-8.1-9-1(d) (West Supp.1998); *ANR Pipeline Co. v. Department of State Revenue*, 672 N.E.2d 91, 93 (Ind. Tax Ct.1996). Summary judgment is appropriate only when no genuine issue of material fact exists. IND. T.R. 56(C); *Roehl Transp., Inc. v. Department of State Revenue*, 653 N.E.2d 539, 541 (Ind. Tax Ct.1995).

## Discussion

The Department claims that CNB is a zone business.[2] Zone businesses are required to pay an annual registration fee and to reinvest in the EZ any credits they receive. *See* IND.CODE ANN. § 4-4-6.1-2(a)(4). Therefore, the Department contends that CNB's failure to do either of these things disqualifies it from being a zone business and therefore from receiving the credit.[3] CNB argues that any taxpayer that receives interest on a qualified loan[4] is entitled to the credit whether that taxpayer is a zone business or not. *See* IND.CODE ANN. § 6-3.1-7-2 (West 1989).

■ "When faced with a question of statutory interpretation, this Court looks first to the plain language of the statute. Where the language is unambiguous, this Court has no power to construe the statute for the purpose of limiting or extending its operation." *Cooper Indus., Inc. v. Department of State Revenue*, 673 N.E.2d 1209, 1212 (Ind. Tax Ct.1996) (internal quotation marks omitted); *see also Department of Pub. Welfare v. Couch*, 605 N.E.2d 165, 167 (Ind. 1992). Courts should give words their common and ordinary meaning without overemphasizing a strict literal or selective reading of individual words. *See Sangralea Boys Fund, Inc. v. State Bd. of Tax Comm'rs*, 686 N.E.2d 954, 956 (Ind. Tax Ct.1997) (*citing Spaulding v. International Bakers Servs., Inc.* 550 N.E.2d 307, 309 (Ind.1990)), *review denied.*

■ The statutes at issue in the present case are clear and unambiguous. The plain language of those statutes reveals that a taxpayer is not required to comply with the requirements of section 4-4-6.1-2(a)(4) in order to be eligible for the credit. A taxpayer need only receive interest from a qualified

**2.** Prior to 1994, there was no explicit statutory definition of the term, zone business. In 1994, the legislature defined a zone business as "any entity that accesses at least one (1) tax credit ... under this chapter [i.e., chapter 4-4-6.1 of the Indiana Code]." *See* IND.CODE ANN. § 4-4-6.1-1.1 (West Supp.1998). Although this definition was adopted after the tax year at issue, the parties do not dispute its applicability to the case at bar.

**3.** The EZ board has the power to disqualify "a zone business from eligibility for all incentives available to zone businesses," if the zone business does not pay the registration fee and utilize its incentives for the benefit of its property or employees located in the EZ. *See* IND.CODE ANN. § 4-4-6.1-2(a)(4).

**4.** A qualified loan is defined as "a loan made to an entity that uses the loan proceeds for ... a purpose that is directly related to a business located in an enterprise zone." *See* IND.CODE ANN. § 6-3.1-7-1 (West Supp.1998).

loan. There is no requirement that the entity loaning the money be a zone business or even located in an EZ. In the present case, CNB made loans to businesses located within the EZ and received interest. This is sufficient to trigger entitlement to the credit under section 6–3.1–7–2 without CNB performing any further administrative tasks.

To find as the Department urges would ignore the plain language of sections 4–4–6.1–2 and 4–4–6.1–1.1. The application of these two statutory provisions is specifically limited to chapter 4–4–6.1. *See Joyce Sportswear Co. v. State Bd. of Tax Comm'rs*, 684 N.E.2d 1189, 1192 (Ind. Tax Ct.1997), *appeal dismissed*. Therefore, these provisions have no bearing on CNB's entitlement to the credit granted by section 6–3.1–7–2. Moreover, the Department's contention that CNB "accesses at least one (1) tax credit available under [chapter 4–4–6.1]," and is therefore a zone business subject to the control of the EZ board (and subject to the registration and reinvestment requirement), cannot be supported by any reasonable interpretation of the applicable law. The credit that CNB

"accesses" is provided by section 6–3.1–7–2 and not by chapter 4–4–6.1. Thus, CNB is not a zone business based on the definition provided by section 4–4–6.1–1.1 and is therefore not subject to registration and reinvestment requirements.[5] Were this Court to hold otherwise, this Court would be impermissibly adding restrictions to section 6–3.1–7–2 that the legislature chose not to include. *See Hyatt Corp. v. Department of State Revenue*, 695 N.E.2d 1051, 1056 (Ind. Tax Ct.1998), *review denied*.

## CONCLUSION

Based on the foregoing, this Court GRANTS summary judgment in favor of CNB.

---

5. It may be helpful to examine briefly why there is different treatment of zone businesses and those who lend to zone businesses. The goal of providing the credit is to encourage the infusion of money and products into certain areas that lack these resources. Were lenders required to pay a registration fee and reinvest the credit in the EZ, there would be no incentive to loan money to a zone business because the benefit of the credit would be nullified. On the other hand, requiring zone businesses to reinvest any credits that they receive does not nullify the benefit of the credits because the zone businesses would retain the benefit of any reinvestment the zone businesses choose to make.