**RENT–A–CENTER EAST, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–0612–TA–106.**

Tax Court of Indiana.

May 27, 2011.

Francina A. Dlouhy, Baker & Daniels LLP, Indianapolis, IN, Attorney for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, John D. Snethen, Nancy M. Hauptman, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondent.

ORDER ON PARTIES' MOTIONS FOR SUMMARY JUDGMENT

WENTWORTH, J.

Rent–A–Center East, Inc. (RAC East) appeals the final determination of the Indiana Department of State Revenue (Department) that assessed adjusted gross income (AGI) tax liability for the 2003 tax year. The matter is before the Court on the parties' motions for summary judgment. The parties raise several issues in their motions, which the Court consolidates and restates as whether the Department properly required RAC East to report its 2003 Indiana AGI tax liability using a combined income tax return with two of its affiliates.

**FACTS AND PROCEDURAL HISTORY**

The parties have stipulated the following facts. Renter's Choice, Inc. (n/k/a RAC East) was formed in 1986 to operate rent-to-own retail stores offering home electronics, appliances, computers, furniture, and accessories to customers under flexible rental purchase agreements that generally allowed the customer to buy the product at the end of the rental period. In 1998, Renter's Choice acquired its largest rent-to-own competitor with the trademarks and trade names associated with the "Rent–A–Center" brand (RAC Marks), changed its name to Rent–A–Center, Inc. (RAC Inc.), and transferred the RAC Marks to its new affiliate, Advantage Companies, Inc. (Advantage).

As a result of the acquisition, RAC Inc. and its affiliates reorganized their corporate structure effective in 2003 whereby RAC Inc. assumed the name RAC East and Advantage changed its name to Rent–A–Center West, Inc. (RAC West). In addition, two new corporate entities were formed, Rent–A–Center Holdings, Inc. (RAC Holdings) and Rent–A–Center Texas, LP (RAC Texas). As part of the reorganization, RAC Inc. (a/k/a RAC East) engaged an independent accounting firm to determine arm's-length pricing for royalties it would pay RAC West and management fees it would pay RAC Texas (Transfer Pricing Study).

During 2003, RAC East operated 1,932 rent-to-own stores in the midwest and eastern United States, including 106 stores in Indiana. RAC West owned and licensed the RAC Marks and operated 437 rent-to-own stores in the western United States. RAC Texas operated 278 rent-to-own stores in the state of Texas and employed, among others, the executive management who performed strategic management functions for its affiliates.

RAC East filed its 2003 Indiana corporate AGI tax return on a separate company basis reporting that it owed no tax. The Department audited RAC East for the 2001, 2002, and 2003 tax years, proposing an additional $513,272.60 in AGI tax liability, penalties, and interest for the 2003 tax year based on its determination that RAC East should have filed a combined AGI tax return with RAC West and RAC Texas (the RAC Group). RAC East filed a timely protest, and after conducting a hearing, the Department issued its final determination upholding the audit results.

On December 12, 2006, RAC East initiated an original tax appeal. On March 20, 2009, the Department filed a motion for summary judgment, and RAC East moved for summary judgment on June 3, 2009. The Court held a hearing on the parties' motions on October 6, 2009. Additional facts will be supplied as necessary.

**LAW**

Indiana taxes the portion of a corporation's AGI that is derived from sources within Indiana. Ind.Code § 6–3–2–1(b)

(West 2003) (amended 2004). Each corporation with Indiana AGI must report on a separate company basis according to the generally applicable allocation and apportionment rules in Indiana Code § 6–3–2–2(a)–(k) (Standard Sourcing Rules). *See Kohl's Dep't Stores, Inc. v. Ind. Dep't of State Revenue*, 822 N.E.2d 297, 301 (Ind. Tax Ct.2005) (separate filing is the default filing method in Indiana). The legislature enacted a limited exception[1] to the Standard Sourcing Rules giving the Department discretionary authority to grant prospectively or require retroactively that a taxpayer determine its Indiana source income using an alternative method:

> If the allocation and apportionment provisions of this article *do not fairly represent the taxpayer's income derived from sources within the state of Indiana*, the taxpayer may petition for or the department may require, in respect to all or any part of the taxpayer's business activity, if *reasonable:*
>
> (1) separate accounting;
>
> (2) the exclusion of any one (1) or more factors;
>
> (3) the inclusion of one (1) or more additional factors which will fairly represent the taxpayer's income derived

from sources within the state of Indiana; or

> (4) the employment of any other method to effectuate an *equitable* allocation and apportionment of the taxpayer's income.

IND.CODE § 6–3–2–2(*l*) (West 2003) (amended 2006) (emphases added). Accordingly, the party seeking to depart from the Standard Sourcing Rules must first show that the return filed using the Standard Sourcing Rules does not fairly represent the taxpayer's income derived from sources within Indiana and next show that its alternative method is a reasonable method of fairly allocating or apportioning the taxpayer's income. *Id.*

The Department's authority under subsection (*l*) is further limited if it chooses a combined income tax return[2] as the alternative method:

> Notwithstanding subsections (*l*) and (m), the department may not require that income, deductions, and credits attributable to a taxpayer and another entity not described in subsection (*o*)(1) or (*o*)(2) be reported in a combined income tax return for any taxable year, unless the department is unable to fairly reflect the taxpayer's adjusted gross in-

1. The Department's own regulation acknowledges the limited applicability of Indiana Code § 6–3–2–2(*l*) as follows:

All corporations doing business in more than one state shall use the allocation and apportionment provisions described in [Indiana Code § ] 6–3–2–2(b)–(k) ... unless such provisions do not result in a division of income which fairly represents the taxpayer's income from Indiana sources. In such case the taxpayer must request in writing or the Department may require the use of a more equitable formula for determining Indiana income. However, the Department will depart from use of the standard formula only if the use of such formula works a hardship or injustice upon the tax-

payer, results in an arbitrary division of income, or in other respects does not fairly attribute income to this state or other states. It is anticipated that these situations will arise only in limited and unusual circumstances (which ordinarily will be unique and nonrecurring) when the standard apportionment provisions produce incongruous results.
45 IND. ADMIN. CODE 3.1–1–62 (2003).

2. A "combined income tax return" is "any income tax return on which one (1) or more taxpayers report income, deductions, and credits on a combined basis with one (1) or more other entities." IND.CODE § 6–3–1–28 (West 2003).

come for the taxable year through use of other powers granted to the department by subsections ($l$) and (m).[3]

*See id.* at (p) (emphases omitted and footnote added).

## ANALYSIS

Summary judgment is proper only when the designated evidence demonstrates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The moving party bears the burden of making a *prima facie* showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *City of Greenwood v. Town of Bargersville*, 930 N.E.2d 58, 64 (Ind.Ct. App.2010) (citation omitted), *reinstated by* 942 N.E.2d 110 (Ind.2011). *See also Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind.2009) (citation omitted). "Once the moving party meets these two requirements, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact by setting forth specifically designated facts." *City of Greenwood*, 930 N.E.2d at 64. When, as here, both parties move for summary judgment this standard remains unaltered, as the Court considers the parties' motions separately.[4] *See Indiana Farmers Mut. Ins. Co. v. N. Vernon Drop Forge, Inc.*, 917 N.E.2d 1258, 1266 (Ind.Ct.

App.2009) (citation omitted), *trans. denied* (footnote added).

■ The Department's motion for summary judgment claims it is entitled to judgment as a matter of law under Indiana Code § 6–3–2–2($l$) because there is no genuine issue that RAC East's 2003 return did not fairly represent its income from sources within Indiana and that requiring a combined filing was a reasonable and fair alternative to the Standard Sourcing Rules. Accordingly, the Department must present a *prima facie* case by designating facts material to whether: 1) RAC East's 2003 separate return fairly reflected its income from sources in Indiana; 2) the use of a combined income tax return was reasonable and equitable in this instance; and 3) the Department complied with Indiana Code § 6–3–2–2(p).

" 'Prima facie* evidence means at first sight, on the first appearance; on the face of it; so far as can be judged from the first disclosure; presumably; a fact presumed to be true unless disproved by some evidence to the contrary.' " *U–Haul Co. of Ind., Inc. v. Ind. Dep't of State Revenue*, 896 N.E.2d 1253, 1256 n. 4 (Ind.Tax Ct.2008) (citations omitted). The Department designated facts to show that RAC East's separate return did not fairly represent its income from Indiana sources.[5] The Department designated facts to show that requiring RAC East to file a combined income tax return is both reasonable

---

**3.** Neither subsection (*o*) nor subsection (m) is at issue in the current matter.

**4.** Both the Department and RAC East moved for summary judgment. RAC East's motion is housed along with its responsive pleading in its "Brief in Support of its Motion for Summary Judgment and in Response to Respondent's Motion for Summary Judgment," which claimed, among other things, that it was entitled to judgment as a matter of law on both statutory and constitutional grounds. The Court, however, need not separately ad-

dress RAC East's pleading because the case is decided on the Department's motion.

**5.** The Department designated the fact that RAC East reported no taxable Indiana AGI in 2003 despite receiving a substantial increase in Indiana sales revenue and increased property and payroll factors in 2003 over 2002. (*See* Resp't Br. Supp. Mot. Summ. J. (hereinafter, "Resp't Br.") at 2–3, 11–12, 15, 23–24, 34–36 (*citing* Resp't Des'g Evid. Exs. C–D, F, I–J); Resp't Reply Br. at 1, 7, 10, 16–17, 20, 27.) (*See also* Hr'g Tr. at 7–8.)

and equitable.[6] But, the Department did not designate any facts to show that it complied with the requirements of Indiana Code § 6–3–2–2(p).

■ The Department designated as material facts numerous allegations and arguments to show it considered, but rejected, alternatives to requiring a combined income tax return as required under Indiana Code § 6–3–2–2(p).[7] "The law is well settled neither arguments of counsel nor allegations in memoranda qualify as evidentiary materials for purposes of a motion for summary judgment." *Richards–Wilcox, Inc. v. Cummins,* 700 N.E.2d 496, 499 n. 3 (Ind.Ct.App.1998) (*citing J.A.W. v. Roberts,* 627 N.E.2d 802, 808 (Ind.Ct.App. 1994), *rev'd on other grounds* ). The Department stated that it "considered simply disallowing RAC East's expense deductions to RAC West and RAC Texas, but that [it rejected that alternative because it] would actually *increase* RAC East's Indiana tax liability—in fact, it would almost double it." (Resp't Reply Br. at 24 (footnote omitted).) (*See also* Hr'g Tr. at 9.) In support of this argument, the Department designated certain material contained in the "Affidavit of LuAnn Pelsor." (Resp't Reply Br. at 24 (*citing* Resp't Des'g Evid. Ex. L at 3).) The Affidavit states, in pertinent part:

19. Department auditors are instructed to look for alternatives to combined reporting and to use other reasonable apportionment methods before requiring a combined report.

20. One frequently used alternative to combined reporting is to disallow questionable expense deductions for Indiana tax purposes.

21. In this case, if the Department were to disallow Rent–A–Center's questionable expenses as deductions for Indiana tax purposes (i.e., presuming 100% disallowance of those deductions), as opposed to requiring Rent–A–Center East to file a combined return with Rent–A–Centers West and Texas L.P., then Rent–A–Center's assessment would have been more than it presently is under combined reporting.

(Resp't Des'g Evid. Ex. L at 3.) The Affidavit contains statements that are neither "material" nor "facts." Accordingly, the information provided is insufficient to establish that the Department considered alternatives to assessing tax based on a combined return. More specifically, the statements in items 19 and 20 are general policy statements that invite speculation as to whether they did occur *in this case.* Item 21 posits a circumstance first raised post-assessment and therefore does not provide evidence that this inquiry was ac-

---

6. The Department designated material facts that among and between the RAC Group there is a flow of value, functional integration, centralized management, and economies of scale. (Resp't Br. at 24–34 (*citing* Resp't Des'g Evid. Ex. A at 1–5, 10, 16–18, 27–28, 45, 74–75, 200–01, 204–08, 280, 282; Ex. G at 11; Ex. M at 1, 40–42, 53; Ex. N ¶ 6, Attach. A at 3, 5).)

7. The Department gave reasons why each of the alternatives in Indiana Code § 6–3–2–2(*l* ) would be rejected: (1) separate accounting, because segregating RAC East from the rest of the unitary group created the problem, (2)

excluding one of the apportionment factors, because it would add to RAC East's underreporting problems, and (3) including an additional apportionment factor, because there is no evidence in the record to show that RAC East derives value from something other than its property, sales, and payroll. (Resp't Reply Br. at 23 (footnotes omitted).) (*See also* Hr'g Tr. at 8–10.) Nonetheless, these rationales are afterthought arguments, not material facts. Moreover, these arguments do not indicate that the Department evaluated these alternatives before requiring a combined income tax return.

tually made by the Department before the case was in this Court. Item 21 also fails to substantiate the fact that it is offered to establish: i.e., disallowing *two* expense deductions would have resulted in a higher tax liability than forcing a combination); the conclusions drawn in the Affidavit, however, were based on disallowing *three* deductions. (*See* Resp't Des'g Evid. Ex. L ¶ 21(a)-(g).) Finally, Item 21 presents nothing more than a hypothetical situation.

This Court has previously considered the effect of speculation and hypotheticals when offered to show the absence of a genuine issue of material fact in the context of summary judgment:

> [f]ree flowing speculation ... cannot be construed to be a fact that could shed doubt on the validity of other facts. Opinions expressing mere possibilities with regard to hypothetical situations are insufficient to establish a genuine issue of material fact. *Watson v. Medical Emergency Servs., Corp.,* 532 N.E.2d 1191, 1195–96 (Ind.Ct.App.1989), *trans. denied.* In *Watson,* the appellant argued that speculative testimony by an expert in response to hypothetical situations supported appellant's assertion that conflicting inferences arose from the undisputed facts to prevent the granting of a motion for summary judgment against the appellant. The court was unpersuaded, holding that "testimo-

ny as to mere possibilities will not alone suffice" to establish a genuine issue of fact. *Id.* at 1195.

*C & C Oil Co. v. Ind. Dep't of State Revenue,* 570 N.E.2d 1376, 1379–80 (Ind. Tax Ct.1991).

 "[W]hen a party files a motion for summary judgment, that movant bears the risk of entry of summary judgment in favor of the non-movant[.]" *Shah v. Harris,* 758 N.E.2d 953, 955 (Ind.Ct.App.2001) (*citing* T.R. 56(B)), *trans. denied.* The Department has failed to designate any facts to show it complied with Indiana Code § 6–3–2–2(p); therefore, it has not made a *prima facie* case that it is entitled to judgment as a matter of law. Consequently, the Court DENIES the Department's motion for summary judgment and GRANTS summary judgment in favor of RAC East, and REMANDS this matter to the Department for actions consistent with this opinion.[8] The parties shall bear their own costs.

SO ORDERED.

---

8. As an aside, had the Court considered RAC East's motion for summary judgment, its disposition of the case would remain unchanged.