ATTORNEYS FOR PETITIONER
Gregory F. Zoeller
Attorney General of Indiana

John D. Snethen
Andrew W. Swain
Deputy Attorneys General
Indianapolis, Indiana

ATTORNEYS FOR RESPONDENT
Francina A. Dlouhy
Jon Laramore
Indianapolis, Indiana

FILED
Mar 09 2012, 2:24 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court


No. 49S10-1112-TA-683

INDIANA DEPARTMENT OF STATE REVENUE,

*Petitioner (Respondent below),*

v.

RENT-A-CENTER EAST, INC.,

*Respondent (Petitioner below).*

Appeal from the Indiana Department of State Revenue
Letter of Findings, No. 05-0512

On Petition for Review from the Indiana Tax Court, No. 49T10-0612-TA-106
The Honorable Martha Blood Wentworth, Judge

**March 9, 2012**

**Shepard, Chief Justice.**

The Indiana Department of State Revenue conducted an audit of a taxpayer corporation, concluded that the corporation's 2003 tax return did not fairly represent its income from Indiana sources, and proposed an assessment of additional tax liability. On the corporation's appeal of the Department's final determination, the Indiana Tax Court granted the corporation's motion for summary judgment. We reverse and remand.

**Facts and Procedural History**

Rent-A-Center East, Inc. ("RAC East") is a Delaware corporation originally formed as Renter's Choice, Inc. It operates rent-to-own retail stores providing furniture, electronics, appliances, and computers. In 1998, Renter's Choice acquired a competitor operating under the Rent-A-Center name, along with the competitor's subsidiary, Advantage Companies, Inc. As part of this acquisition and reorganization, Renter's Choice changed its name to Rent-A-Center, Inc.

In 2002, Rent-A-Center, Inc. changed its name to RAC East and a newly formed corporate entity, Rent-A-Center Holdings, Inc., assumed the name Rent-A-Center, Inc. Advantage Companies, Inc. changed its name to Rent-A-Center West, Inc. ("RAC West"), and yet another entity was formed under the name Rent-A-Center Texas, L.P. ("RAC Texas"). Consequently, at the start of the 2003 tax year there were three corporate entities relevant to this action: RAC East, RAC West, and RAC Texas.

RAC East operated 1932 retail stores nationwide, with 106 of those stores in Indiana. Neither RAC West nor RAC Texas operated retail stores in Indiana during the 2003 tax year, nor did they have any capital, property, or employees within the state. Instead, RAC West owned the Rent-A-Center trademarks and other related intellectual property and licensed this property to RAC East and RAC Texas in exchange for royalties. RAC Texas, in turn, performed all strategic management and related functions for RAC East and RAC West in exchange for a strategic assistance fee. Both the royalties and the strategic assistance fee amounts were established by a transfer pricing study conducted by an independent accounting firm, and reflected rates that were equivalent to those used in arm's-length transactions.

RAC East's 2003 Indiana corporate adjusted gross income tax return reflected no tax due for the 2003 tax year. The Indiana Department of State Revenue then conducted an audit of RAC East for the 2001, 2002, and 2003 tax years. The audit resulted in no change for the 2001 and 2002 tax year filings, but proposed an assessment of $513,272.60 in additional tax liability

2

for the 2003 tax year. The assessment was based on a determination that RAC East should have filed a combined return[1] with RAC Texas and RAC West. RAC East timely filed a protest, contesting the requirement of filing a combined return and, after a hearing, the Department upheld the audit's assessment. RAC East then filed an original tax appeal with the Indiana Tax Court.

Both the Department and RAC East filed motions for summary judgment in the Tax Court. The court denied the Department's motion and granted RAC East's. Rent-A-Center East, Inc. v. Ind. Dep't of State Revenue, 952 N.E.2d 387 (Ind. Tax Ct. 2011).

We granted the Department's petition for review pursuant to Indiana Rule of Appellate Procedure 63(A). Ind. Dep't of State Revenue v. Rent-A-Center East, Inc., ___ N.E.2d ___ (Ind. 2011) (table).

**Standard of Review**

The Indiana Tax Court is a specialized court established to provide particular expertise to fairly and uniformly resolve cases involving Indiana tax. Ind. Dep't of State Revenue v. Belterra Resort Ind., LLC, 935 N.E.2d 174, 176 (Ind. 2010). Consequently, we exercise cautious deference to those decisions made within its particular realm, and will not reverse unless that decision is clearly erroneous. This deference extends to rulings on summary judgment where the question is one of tax law, and we will set aside those rulings "only if we are definitely and firmly convinced that an error was made." Id.

---

[1] A "combined return," or "combined income tax return," is "any income tax return on which one (1) or more taxpayers report income, deductions, and credits on a combined basis with one (1) or more other entities." Ind. Code § 6-3-1-28 (2010).

3

**Section 6-3-2-2(p) is a Rule of Decision, Not a Separate Substantive Predicate**

The Tax Court's determination in this case was necessarily governed by a combination of tax statutes and trial rule requirements. Because we believe the Tax Court incorrectly applied this combined scheme to the case before it, we reverse and remand without addressing the merits of either party's motion.

We begin with the tax statutes. A corporation's adjusted gross income is taxed based on the portion of that income derived from sources within Indiana. Ind. Code § 6-3-2-1(b) (2010).[2] This portion of a corporation's income is determined according to the provisions of Indiana Code § 6-3-2-2(a)–(k) (2010 & Supp. 2011) (the "Standard Sourcing Rules"), and reported on a separate basis. RAC East, 925 N.E.2d at 389; Kohl's Dep't Stores, Inc. v. Ind. Dep't of State Revenue, 822 N.E.2d 297, 301, 301 n.2 (Ind. Tax Ct. 2005) (Section 6-3-2-2 interpreted to show that default filing method is to file separately). But if none of the methods available through the Standard Sourcing Rules "fairly represent the taxpayer's income derived from sources within the state of Indiana," the taxpayer may petition—or the Department may require—alternative sourcing methods. Ind. Code § 6-3-2-2(*l*) (2010).[3]

Finally, there is the provision upon which this case turns. Section 6-3-2-2(p) addresses the Department's authority to require a combined income tax return, and states, in relevant part:

---

[2] There has been no substantive change in the relevant provisions since the tax year at issue, and citing to their present locations within the Code simply makes it easier for other readers.

[3] This exception is intended to operate only under "limited and unusual circumstances (which ordinarily will be unique and nonrecurring) when the standard apportionment provisions produce incongruous results." 45 Ind. Admin. Code 3.1-1-62 (2004). "[T]he Department will depart from use of the standard formula only if the use of such formula works a hardship or injustice upon the taxpayer, results in an arbitrary division of income, or in other respects does not fairly attribute income to this state or other states." Id.

> Notwithstanding subsection[] (*l*) . . . the department may not require that income, deductions, and credits attributable to a taxpayer and another entity . . . be reported in a combined income tax return for any taxable year, unless the department is unable to fairly reflect the taxpayer's adjusted gross income for the taxable year through use of other powers granted to the department by subsection[] (*l*) . . . .

Ind. Code § 6-3-2-2(p) (2010).

In the context of summary judgment, these tax statutes must operate within the procedural framework established by Indiana Trial Rule 56(C). Pursuant to this rule, summary judgment may be rendered as to all or some of the issues or claims when "the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). The moving party "bears the burden of making a prima facie showing" as to the absence of any issues of material fact. Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1270 (Ind. 2009). To do so, it must "designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." T.R. 56(C). "[T]he burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact." Dreaded, Inc., 904 N.E.2d at 1270; see also T.R. 56(C).

Here, the Tax Court apparently construed the tax statutes so as to require the Department to make its Trial Rule 56(C) prima facie showing by "designating facts material to whether: 1) RAC East's 2003 separate return fairly reflect its income from sources in Indiana; 2) the use of a combined income tax return was reasonable and equitable in this instance; and 3) the Department complied with Indiana Code § 6-3-2-2(p)." Id. at 390. The Tax Court then denied the Department's motion after finding it "failed to designate any facts to show it complied with Indiana Code § 6-3-2-2(p); therefore, it has not made a prima facie case that it is entitled to judgment as a matter of law." Id. at 392. It thus granted judgment to RAC East.

5

We conclude that Section 6-3-2-2(p) and Trial Rule 56 must function together in a different way.

The Department may make a proposed assessment only if it "reasonably believes that a person has not reported the proper amount of tax due," and it makes its assessment "on the basis of the best information available." Ind. Code § 6-8.1-5-1(b) (2010). Significantly, the General Assembly has provided that "[t]he notice of proposed assessment <u>is prima facie evidence that the department's claim for the unpaid tax is valid</u>. The burden of proving that the proposed assessment is wrong rests with the person against whom the proposed assessment is made." Ind. Code § 6-8.1-5-1(c) (2010) (emphasis added).

Nothing in the text of Section 6-3-2-2(p) indicates that the General Assembly intended it to trump the presumption of validity given to the proposed assessment, nor do we think it proper for a taxpayer resisting such an assessment simply to cite subsection (p) as a means of vitiating the Department's prima facie showing. Rather, Section 6-3-2-2(p) reflects the Legislature's codification of a rule of decision with respect to when a combined income tax return may permissibly be required. It serves as the evidentiary bar that must be evaluated at the <u>end</u> of the summary judgment analysis (or trial process), not a threshold over which the Department must pass at the beginning.[4]

Thus viewed, we think the process in cases like these proceeds along fairly straightforward lines. When properly designated, the Department's notice of proposed assessment constitutes a prima facie showing—sufficient to satisfy Trial Rule 56(C)—that there

---

[4] As we noted above, to find a prima facie showing on its motion, the Tax Court also required the Department to present designated evidence as to whether RAC East's separate return fairly reflected its income from sources in Indiana and whether the use of a combined income tax return was reasonable and equitable in this instance. For the same reasons, any requirement of evidence beyond the proposed assessment is improper at this point in the summary judgment proceeding for these issues as well.

6

is no genuine issue of material fact with respect to the validity of the unpaid tax—including presuming the Department's compliance with subsection (p) and consideration of the Standard Sourcing Rules where required. The Department needs nothing more than this and its motion, as a starter.[5]

The burden then shifts to the taxpayer to come forward with sufficient evidence demonstrating that there is, in actuality, a genuine issue of material fact with respect to the unpaid tax—in the context of subsection (p), for example, perhaps by demonstrating a factual dispute as to whether the Department could actually "fairly reflect the taxpayer's adjusted gross income for the taxable year through use of other powers granted to the department." Ind. Code § 6-3-2-2(p). To the extent permitted, the Department could then reply to the taxpayer's showing before the Tax Court rules on the motion for summary judgment.

## Conclusion

The Tax Court required additional designated evidence, beyond the proposed assessment, in order for the Department to make its prima facie showing under Trial Rule 56(C). Because this was error, we reverse and remand so that the Tax Court may consider the motions for summary judgment on their merits in light of all the designated evidence the parties may tender.

Dickson, Sullivan, Rucker, and David, JJ., concur.

---

[5] Nothing should imply, though, that this can be the <u>only</u> designated evidence the Department may put forth. In most ordinary circumstances, it would undoubtedly be wise for the Department not to simply rest on its assessment, but to also provide—as it did here—additional, relevant evidence and law that it believes justified the assessment.