ATTORNEYS FOR PETITIONER:
**ROBERT A. ROMACK**
**DAN R. DUNBAR**
DUNBAR & ROMACK
Franklin, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**JOHN P. LOWREY**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

_____

# IN THE
# INDIANA TAX COURT

_____

| | | |
|---|---|---|
| CRYSTAL FLASH PETROLEUM, LLC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 49T10-1104-TA-00025 |
| | ) | |
| INDIANA DEPARTMENT OF STATE REVENUE, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**FILED**
Dec 14 2015, 4:06 pm

CLERK
of the supreme court,
court of appeals and
tax court

## ORDER ON RESPONDENT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**FOR PUBLICATION**
**December 14, 2015**

WENTWORTH, J.

Crystal Flash Petroleum, LLC has appealed the Indiana Department of State Revenue's denial of its claims for refund of sales/use tax remitted for the 2007 and 2008 tax years. The matter is currently before the Court on the Department's Motion for Partial Summary Judgment, which the Court grants in part and denies in part.[1]

_____

[1] The Department has designated evidence that contains confidential information. Accordingly, the Court will provide only that information necessary for the reader to understand its disposition of the issues presented. See generally Ind. Administrative Rule 9.

**FACTS AND PROCEDURAL HISTORY**

During the years at issue, Crystal Flash operated twenty-five convenience stores in Indiana. (See Resp't Br. Supp. Mot. Partial Summ. J. ("Resp't Br.") at 2, Confd'l Ex. 2 at 3.) The stores sold, among other things, hotdogs, soft drinks, coffee, and several other food items. (See Resp't Br. at 2-3, Ex. 4 at 28.) Four of the stores contained a Subway store, two contained a Charlie & Barney's Chili, and others contained Noble Roman's Pizza stores. (See Resp't Br. at 2-3, Confd'l Ex. 2 at 3, Ex. 4 at 28.)

Crystal Flash also sold various bulk fuels and lubricants to its customers, including hi-grade, mid-grade, and low-grade gasoline. (See Resp't Br. at 2, Confd'l Ex. 2 at 3, Confd'l Ex. 8 at 8.) To facilitate the sale of mid-grade gasoline, Crystal Flash used an automated blending system that simultaneously extracted and mixed a predetermined amount of hi-grade and low-grade gasoline from two underground storage tanks, which when pumped, entered a customer's vehicle through a single nozzle. (See Resp't Br. at 9, Confd'l Ex. 8 at 8; Pet'r Br. Supp. Mot. Opp'n Resp't Mot. Partial Summ. J. ("Pet'r Br.") at 5.)

On February 12, 2010, the Department completed an audit of Crystal Flash for the years at issue, concluding that Crystal Flash's ice production equipment was exempt from sales/use tax, but that its food preparation equipment, mid-grade gasoline equipment, and several other items were not. (See Resp't Br. at 3, Confd'l Ex. 2.) Accordingly, on March 15, 2010, the Department issued proposed sales/use tax assessments against Crystal Flash. (See Resp't Br. at 3, Confd'l Ex. 3.) Crystal Flash subsequently paid the assessments in their entirety. (See Resp't Br. at 3; Joint

2

Stipulation of Facts ("Jt. Stip.") ¶ 4.)[2]

On August 6, 2010, Crystal Flash filed a refund claim with the Department, seeking a refund of the sales/use tax paid on certain ice production, food preparation, and mid-grade gasoline equipment. (See Resp't Br. at 3-4, Confd'l Ex. 5.) On January 6, 2011, the Department denied Crystal Flash's refund claim. (See Resp't Br. at 4, Confd'l Ex. 5 at 22; Jt. Stip. ¶ 6.)

On April 6, 2011, Crystal Flash appealed to this Court, alleging that its ice production, food preparation, and mid-grade gasoline equipment was exempt from sales/use tax under Indiana Code § 6-2.5-5-3 (the "Equipment Exemption").[3] On November 25, 2013, the Department filed its Motion. On February 14, 2014, the Court held a hearing on the Motion. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

Summary judgment is proper only when the designated evidence demonstrates that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56 (C). A genuine issue of material fact exists when a fact concerning an issue that would dispose of the case is in dispute or when the undisputed facts support conflicting inferences as to the resolution of an issue. Miller

---

[2] While the Department designated an incomplete copy of the parties' Joint Stipulation of Facts as evidence, the error is harmless because the parties already filed a complete copy of the document with the Court. (Compare Resp't Br. Supp. Mot. Partial Summ. J. ("Resp't Br."), Ex. 1 with Joint Stipulation of Facts ("Jt. Stip."), filed Oct. 25, 2013.)

[3] Crystal Flash also filed a second refund claim with the Department, seeking to recover the sales/use tax remitted on several of the statistical sample items that were used to generate the proposed sales/use tax assessments. (See Resp't Br. at 3-4, Confd'l Ex. 6.) After the Department denied that refund claim, Crystal Flash filed a second appeal with the Court. (See Jt. Stip. ¶¶ 5, 9-15.) The Court subsequently consolidated the two appeals. (See Jt. Stip. ¶ 17.) This matter, however, does not involve the Department's denial of Crystal Flash's second refund claim. (See Resp't Br. at 2.)

Pipeline Corp. v. Indiana Dep't of State Revenue, 995 N.E.2d 733, 734 n.1 (Ind. Tax Ct. 2013).

**LAW**

During the years at issue, Indiana imposed both a sales tax (i.e., the state gross retail tax) and a use tax.  The sales tax was imposed on retail transactions made in Indiana.  IND. CODE § 6-2.5-2-1(a) (2007).  The use tax was imposed when sales tax was not remitted on tangible personal property acquired in a retail transaction that was subsequently stored, used, or consumed in Indiana, regardless of where the retail transaction occurred or where the retail merchant was located.  See IND. CODE § 6-2.5-3-2(a) (2007); Horseshoe Hammond, LLC v. Indiana Dep't of State Revenue, 865 N.E.2d 725, 727 n.4 (Ind. Tax Ct. 2007) (explaining that use tax is complementary to the sales tax because it is designed to reach out-of-state purchases of tangible personal property that are subsequently used in Indiana), review denied.

Indiana's Legislature, however, has specifically exempted certain retail transactions from the imposition of sales and use tax.  See, e.g., Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue, 605 N.E.2d 1222, 1224-25, 1228 (Ind. Tax Ct. 1992); IND. CODE § 6-2.5-3-4(a) (2007) (applying sales tax exemptions to use tax).  For example, the Equipment Exemption provides that "transactions involving manufacturing machinery, tools, and equipment are exempt from [sales/use] tax if the person acquiring that property acquires it for direct use in the direct production, manufacture, fabrication, assembly, extraction, mining, processing, refining, or finishing of other tangible personal property."  IND. CODE § 6-2.5-5-3(b) (2007) (amended 2015); see also I.C. § 6-2.5-3-4(a).

4

**ANALYSIS**

The Department's Motion presents three issues that the Court restates as: 1) whether Crystal Flash is entitled to a refund of the sales/use tax it paid on its ice production equipment; 2) whether Crystal Flash is entitled to a refund of the sales/use tax it paid on certain food preparation equipment; and 3) whether Crystal Flash is entitled to a refund of the sales/use tax it paid on its mid-grade gasoline equipment. Nonetheless, the Court must first address Crystal Flash's argument that the Department has not made a prima facie case that is entitled to summary judgment on these issues because this matter concerns its refund claim, not the audit or proposed sales/use tax assessments.[4] (See Hr'g Tr. at 65-66.) See also Indiana Dep't of State Revenue v. Rent-A-Center E., Inc. (RAC II), 963 N.E.2d 463, 466-67 (Ind. 2012) (providing that for purposes of summary judgment, the Department may make its prima facie showing that there is no genuine issue of material fact as to the validity of an unpaid tax by properly designating its proposed assessments).

Although this matter concerns the Department's denial of Crystal Flash's refund claim, that claim arises from challenges to the Department's audit determinations and proposed sales/use tax assessments. Indeed, the Department's denial of Crystal Flash's refund claim was based on its audit determinations that Crystal Flash's ice production equipment was exempt from sales/use tax, but its food preparation and mid-grade gasoline equipment was not. (Compare, e.g., Jt. Stip. ¶ 6 and Resp't Br., Confd'l Ex. 5 at 22 with Resp't Br., Confd'l Ex. 2 at 7-9.) Consequently, Crystal Flash's refund

---

[4] While Crystal Flash has also claimed that the Department did not make a prima facie case because the proposed sales/use tax assessments concerned the agreement to use a statistical sample, it subsequently agreed that this issue was beyond the scope of the Department's Motion. (See Pet'r Mot. Opp'n Resp't Mot. Partial Summ. J. ¶ 1; Pet'r Br. Supp. Mot. Opp'n Resp't Mot. Partial Summ. J. ("Pet'r Br.") at 3-4; Hr'g Tr. at 67-69.)

claim was merely a collateral attack on the Department's audit determinations and proposed sales/use tax assessments, and the Department has made a prima facie case by designating its proposed sales/use tax assessments as evidence for purposes of this Motion. Accordingly, the evidentiary burden has shifted to Crystal Flash[5] to show that there is a genuine of material fact as to whether: 1) it is engaged in production, 2) it has an integrated production process, or 3) its ice production, food preparation, or mid-grade gasoline equipment is essential and integral to its production process. See RAC II, 963 N.E.2d at 467; Aztec Partners, LLC v. Indiana Dep't of State Revenue, 35 N.E.3d 320, 323-24 (Ind. Tax Ct. 2015); Miller Pipeline, 995 N.E.2d at 734 n.1.

### 1. Ice Production Equipment

The Department contends that Crystal Flash is not entitled to a refund of the sales/use tax it remitted on its ice production equipment because "[t]he [a]udit gave Crystal Flash credit for these purchases" and "[n]othing in the Indiana Code allows a taxpayer to receive a double refund on the same tax paid." (See Resp't Br. at 7-8, Confd'l Ex. 2 at 7, 9.) Crystal Flash agrees with the Department. (See Pet'r Br. at 4-5; Hr'g Tr. at 67-68.) Accordingly, the Court grants summary judgment in favor of the Department with respect to this issue and against Crystal Flash.

### 2. Food Preparation Equipment

The next issue for the Court to decide is whether Crystal Flash is entitled to a refund the sales/use tax it paid on its food preparation equipment. Crystal Flash claims that the Department's Motion should be denied with respect to this issue because the Department has essentially conceded that its food preparation equipment was used in

---

[5] The burden of persuasion never shifts, but remains with Crystal Flash throughout. See, e.g., Peters v. Garoffolo, 32 N.E.3d 847, 852 n.6 (Ind. Tax Ct. 2015).

an integrated production process that produced new, marketable products for its customers.[6] (See Pet'r Br. at 7-9; Hr'g Tr. at 74-77 (citing Resp't Br., Confd'l Ex. 7 at 22-24, 26-27, 34, 36, 38, 41 and Resp't Br., Confd'l Ex. 8 at 12).)

It is well-established that exemption statutes are strictly construed against the taxpayer and that the taxpayer bears the burden of proving entitlement to the exemption it seeks. Aztec, 35 N.E.3d at 323. The designated evidence upon which Crystal Flash has relied establishes that the Department determined that Crystal Flash's beverage carbonation equipment; a cooker, hinged cover, and ladle; parts for a beverage machine and toaster; a percentage of its utilities; and gloves were exempt from sales/use tax. (See Resp't Br., Confd'l Ex. 7 at 22-24, 26-27, 34, 36, 38, 41 and Confd'l Ex. 8 at 12.) This designated evidence, however, does not reveal the basis for any of the Department's determinations. (See Resp't Br., Confd'l Ex. 7 at 22-24, 26-27, 34, 36, 38, 41 and Confd'l Ex. 8 at 12.) As a result, the Court will not make a connection between this exempted equipment and the equipment at issue here absent specific designated evidence that Crystal Flash's food preparation equipment is essential and integral to its ice production process or some other integrated production process. Moreover, while the designated evidence shows that the Department exempted varying percentages of the utilities consumed in Crystal Flash's convenience stores from sales/use tax, it is impossible to discern which of Crystal Flash's convenience stores

---

[6] Crystal Flash has made several factual allegations regarding this issue that are not supported by any reference or citation to the designated evidence. (See, e.g., Pet'r Br. at 7 (stating that "[t]he food products that arrive at [Crystal Flash's] convenience stores are not marketable to its customers when they arrive"), 8 (claiming that the Department treats all fast food restaurants and convenience food stores as being involved in production).) The Court will not consider any of these unsupported factual allegations for purposes of this Motion. See Freson v. Combs, 433 N.E.2d 55, 59 (Ind. Ct. App. 1982) (providing that the unsworn commentary of an attorney, briefs, and unsworn statements should not considered for purposes of summary judgment).

actually received an exemption. Thus, there is no indication whether the exempted utilities were in the convenience stores that contained the Subway, Charlie & Barney's Chili, and Noble Roman's Pizza stores.

Crystal Flash has provided no description of its purported food production processes nor has it explained how its food preparation equipment was used within any of its purported food production processes.[7] Furthermore, while Crystal Flash has stated that it produced a variety of marketable food products, it has not provided any descriptions of, or details about, its food products. (See Pet'r Br. at 7-9.) Thus, Crystal Flash has not shown that there is a genuine issue of material fact as to whether it used its food preparation equipment in an integrated production process to be entitled to the Equipment Exemption. Consequently, the Court finds in favor of the Department and against Crystal Flash with respect to this issue as well.

### 3. Mid-Grade Gasoline Equipment

The final issue is whether Crystal Flash is entitled to a refund of the sales/use tax it paid on its mid-grade gasoline equipment. Crystal Flash contends that the Department is not entitled to summary judgment regarding this issue because there is a genuine issue of material fact as to whether it used its mid-grade gasoline equipment in an integrated production process. (See Pet'r Br. at 5-7; Hr'g Tr. at 79-88.) In contrast, the Department contends that Crystal Flash has not shown that it was engaged in production, arguing that the mere mixing of two pre-existing grades of gasoline is not production because it does not substantially change the gasoline. (See Resp't Br. at 9-

---

[7] While both the Department and Crystal Flash have requested that the Court take judicial notice of how sandwiches are prepared at Subway stores, the Court declines because neither has provided sufficient legal analysis or cogent argument to support its request. (See Hr'g Tr. at 52-53, 69-72.)

11 (underline referring to) 45 I<small>ND</small>. A<small>DMIN</small>. C<small>ODE</small> 2.2-5-8(k) (2007) (providing that production requires a "substantial" change or transformation resulting from an "integrated series of operations [that] places tangible personal property in a form, composition, or character different from that in which it was acquired") (see http://www.in.gov/legislative/iac/)).) (See also Resp't Reply Br. Supp. Mot. Partial Summ. J. at 5-6.)

This Court has previously explained that there are innumerable ways to produce other tangible personal property. See, e.g., Rotation Prods. Corp. v. Indiana Dep't of State Revenue, 690 N.E.2d 795, 798 (Ind. Tax Ct. 1998). Here, the undisputed material facts show that Crystal Flash used its mid-grade gasoline equipment to mix two distinct grades of gasoline to produce a third, distinct grade of gasoline that was then sold to its customers. When viewed in favor of the taxpayer, the reasonable inferences arising from these undisputed material facts establish that the composition of Crystal Flash's mid-grade gasoline differed from the compositions of both its hi-grade and low-grade gasoline individually. See Scott Oil Co. v. Indiana Dep't of State Revenue, 584 N.E.2d 1127, 1128-29 (Ind. Tax Ct. 1992) (providing that the summary judgment procedure requires "the evidence and all reasonable inferences which can be drawn therefrom [to] be considered in the light most favorable to the non-moving party" (citation omitted)). While the differing compositions of the gasoline suggests that Crystal Flash used its mid-grade gasoline equipment within an integrated production process, the undisputed material facts do not aid the Court in determining whether the change in composition was a substantial change for purposes of the Equipment Exemption. Accordingly, the Court finds that there is a genuine issue of material fact as to whether Crystal Flash is entitled to the Equipment Exemption and thus, a refund of the sales/use tax it paid on its

9

mid-grade gasoline equipment. See Owens Corning Fiberglass Corp. v. Cobb, 754 N.E.2d 905, 909 (Ind. 2001) (explaining that the summary judgment procedure is not a means for resolving conflicting inferences that arise from undisputed material facts). Consequently, neither the Department nor Crystal Flash is entitled to summary judgment as to this issue.

## CONCLUSION

For the above-stated reasons, the Court GRANTS summary judgment in favor of the Department and AGAINST Crystal Flash with respect to Issues 1 and 2 and DENIES the Department's Motion with respect to Issue 3. The Court will issue an order under separate cover regarding the unresolved issues in this case.

SO ORDERED this 14th day of December 2015.

Martha Blood Wentworth, Judge
Indiana Tax Court

Distribution: Robert A. Romack, Dan R. Dunbar, John P. Lowrey.