PETITIONER APPEARING PRO SE:
**MARY ABRAYTIS**
Valparaiso, IN

ATTORNEYS FOR RESPONDENT:
**ROBERT M. SCHWERD**
SCHWERD, FRYMAN, &
TORRENGA, LLP
Valparaiso, IN

**CRISTIN L. JUST**
ATTORNEY AT LAW
Crown Point, IN



**FILED**
Oct 03 2023, 3:29 pm
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| MARY ABRAYTIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 21T-TA-00042 |
| | ) |
| PORTER COUNTY ASSESSOR, | ) |
| | ) |
| Respondent. | ) |

## ON APPEAL FROM A FINAL DETERMINATION
## OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**October 3, 2023**

WENTWORTH, Senior Judge

Mary Abraytis has challenged the Indiana Board of Tax Review's final determination valuing her real property for the 2020 assessment year. Upon review, the Court affirms the Indiana Board's final determination.

## FACTS AND PROCEDURAL HISTORY

Abraytis owns residential property in Valparaiso, Indiana. (See Cert. Admin. R. at 70.) She purchased the property in 2015 for $169,200. (See Cert. Admin. R. at 33, 70.)

For the 2019 assessment year, Abraytis's property was valued at $174,900 ($32,700 for land and $142,200 for improvements). (Cert. Admin. R. at 70.) Abraytis challenged the assessment, first with the Porter County Property Tax Assessment Board of Appeals ("PTABOA") and then with the Indiana Board. (See, e.g., Cert. Admin. R. at 70, 94 ¶ 9, 100 ¶ 31 n.4.) In a final determination issued on December 14, 2020, the Indiana Board ordered that Abraytis's 2019 assessment be reduced to $150,500 ($32,700 for land and $117,800 for improvements). (See, e.g., Cert. Admin. R. at 70, 94 ¶ 9, 100 ¶ 31 n.4.)

The very next year (i.e., the 2020 assessment year), the Assessor again increased Abraytis's property assessment, to $196,400 ($32,700 for land and $163,700 for improvements). (See Cert. Admin. R. at 1-3, 70.) Abraytis appealed the assessment increase to the PTABOA and, when the PTABOA failed to timely act on her appeal, she petitioned the Indiana Board for relief. (See Cert. Admin. R. at 1-3, 93 ¶ 3 n.1.) See also IND. CODE § 6-1.1-15-1.2(k) (2021) (allowing a taxpayer to appeal directly to the Indiana Board if a county property tax assessment board of appeals did not issue a determination within 180 days of the date the notice of appeal was filed).

The Indiana Board held a telephonic hearing on Abraytis's appeal on June 22, 2021. During the hearing, the Assessor was the first of the two parties to present evidence because, as he acknowledged, he bore the burden of proof under Indiana Code § 6-1.1-15-17.2. (See Cert. Admin. R. at 117-18.) To that end, the Assessor presented an appraisal report that had been prepared by William L. Eenshuistra, Jr., an Indiana certified general appraiser. (See Cert. Admin. R. at 72-88.) The appraisal report, dated June 4, 2021, and completed in conformance with the Uniform Standards of Professional

2

Appraisal Practice ("USPAP"), estimated the January 1, 2020, value of Abraytis's property to be $212,000. (See Cert. Admin. R. at 72, 75, 77.) The appraisal report relied on the sales data from four purportedly comparable properties to arrive at that value. (See, e.g., Cert. Admin. R. at 73-76, 118.) The Assessor asked the Indiana Board to increase Abraytis's assessment to reflect the $212,000 appraisal report's estimate. (Cert. Admin. R. at 119.)

In her presentation to the Indiana Board, Abraytis first argued that the appraisal report should be given no probative value because:

1) there were other (i.e., better) sales comparables upon which Eenshuistra could have relied;

2) Eenshuistra incorrectly reported two of his comparables' sales prices;

3) it was unethical for Eenshuistra to offer a land value estimate because that was not within the scope of his appraisal; and

4) Eenshuistra incorrectly
   a) reported the square footage of her basement;
   b) indicated that her fireplace had a "stack";
   c) listed her garage as attached;
   d) indicated that she had a partial crawl space;
   e) computed the effective age of her home; and
   f) reported that she had three bedrooms instead of two.

(See Cert. Admin. R. at 120-21, 123.) Abraytis then presented a revised property record card reflecting how she would have applied Indiana's cost schedules and, therefore, what she estimated to be the value of her property.[1] (Cert. Admin. R. at 63-64, 128-29.) In

---

[1] Abraytis's revised property record card eliminated the value that was assigned to her fireplace in its entirety, reduced the adjustment that accounted for her air conditioning, and reduced the values assigned to her land, basement, patio, open frame porch, detached garage, and utility shed. (See Cert. Admin. R. at 63-64.)

her concluding statement to the Indiana Board, Abraytis explained that

> [t]he tenor of the 2020-year assessment has been the amplification of the taxpayer's parcel, falsified compilation, and a grab bag of unqualified actions to an unjust portrait. With an ineffective restriction, no checks on data, no checks on validity, and no ensuring that this is not fake, the taxpayer has more than discontentment. The representatives who have predicated around the real estate professions, fluffing the entire parcel is in fact criminal and should be dealt with in a meaningful manner. There is a line and these representatives have crossed it. There is no acceptable conferral to continue. The goal is an accurate assessment. The taxpayer proffers a completed assessment with the State cost schedules, the true tax value being the same, with an observational consistent market value, and in itself is a reasonable value.

(Cert. Admin. R. at 129.)

On October 20, 2021, the Indiana Board issued a final determination in which it found the Assessor made a prima facie case in support of his assessment. (See Cert. Admin. R. at 92 ¶ 1, 103 ¶ 40.) The Indiana Board concluded that while Abraytis identified some problems with the appraisal report that detracted from its reliability, it still retained enough probative value to support the Assessor's assessment.[2] (Cert. Admin. R. at 92 ¶ 1, 103 ¶ 39.)

Because the Assessor made a prima facie case, the Indiana Board explained that the burden shifted to Abraytis to rebut the Assessor's evidence with her own market-

---

[2] For instance, the Indiana Board found that while Abraytis alleged Eenshuistra reported incorrect sales prices for two of his comparables, she provided no evidence that corroborated her allegation. (See Cert. Admin. R. at 102 ¶ 36.) Similarly, the Indiana Board found that Abraytis provided no authority to support her assertion that it was unethical for Eenshuistra to allocate his appraisal value between land and improvements. (See Cert. Admin. R. at 102 ¶ 38.) Finally, with respect to her claim that the appraisal report mistakenly reported some of the physical characteristics of her home (e.g., the square footage of the basement, the presence of a fireplace "stack," and the number of bedrooms), the Indiana Board explained that Abraytis failed to demonstrate how any of those errors impacted even minimally the adjusted sales prices of Eenshuistra's comparables. (See, e.g., Cert. Admin. R. at 100-01 ¶¶ 31-32, 35.)

based evidence.  (See, e.g., Cert. Admin. R. at 103 ¶ 40.)  The Indiana Board held that she failed to meet that burden:

> Abraytis primarily focused her presentation on attacking a variety of errors the Assessor allegedly made in describing the characteristics and condition of her home and then recalculating her assessment using the [Department of Local Government Finance's Assessment] Guidelines.  Even if the Assessor made errors, however, simply attacking his methodology or attempting to strictly apply the Guidelines herself is insufficient . . . To successfully make a case for a lower assessment, a taxpayer must use market-based evidence to demonstrate that [her] suggested value accurately reflects the property's true market value-in-use.  Because Abraytis did not offer any probative market-based evidence to support her requested value, she failed to rebut the Assessor's prima facie case.

(Cert. Admin. R. at 103 ¶ 40 (emphases added, internal quotation marks and citations omitted).)  As a result, the Indiana Board upheld the Assessor's original 2020 assessment.[3]  (Cert. Admin. R. at 104 ¶ 42.)  The Indiana Board declined, however, to raise Abraytis's assessment to the $212,000 value provided in the appraisal report, explaining that some of the identified "problems" did not make it "strong enough" to support the increase in the assessment.  (See Cert. Admin. R. at 103 ¶ 39.)

On December 6, 2021, Abraytis initiated an original tax appeal.  The Court took the matter under advisement on April 1, 2022, after the parties had completed their briefing.  Additional facts will be supplied when necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity.  Osolo Twp. Assessor v. Elkhart Maple Lane

---

[3] In its final determination, the Indiana Board explained that while it did its best to address all of Abraytis's claims and arguments, her "testimony and arguments at the hearing were difficult to follow, as were the narratives she submitted with her exhibits. . . . To the extent her lack of clarity led [the Board] to miss any salient claims or arguments, she must bear the consequences." (Cert. Admin. R. at 103-04 ¶ 41 n.6.)

5

Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003).  Thus, to prevail in her appeal, Abraytis must demonstrate to the Court that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of the procedure required by law; or unsupported by substantial or reliable evidence.  See IND. CODE § 33-26-6-6(e)(1)-(5) (2023).

**LAW**

Prior to 2009, a taxpayer that challenged a property tax assessment always bore the burden of proof (i.e., the burden of persuading the fact-finder that the assessment was incorrect and the initial burden of producing evidence to demonstrate what the correct assessment should be).  See, e.g., Orange Cnty. Assessor v. Stout, 996 N.E.2d 871, 873 (Ind. Tax Ct. 2013).  Beginning in 2009, however, the Legislature enacted a series of statutory exceptions that required the assessing official, not the taxpayer, to bear the burden of proof in certain circumstances.  See, e.g., IND. CODE § 6-1.1-15-1(p) (eff. July 1, 2009) (amended 2011); IND. CODE § 6-1.1-15-17 (2011) (repealed 2012); IND. CODE § 6-1.1-15-17.2(a) (2012) (repealed 2022).

The statutory exception that applied to this appeal stated that if an assessing official increased a taxpayer's property assessment by more than 5% from one year to the next, the assessing official "making the assessment ha[d] the burden of proving that the assessment [was] correct in any review or appeal under this chapter and in any appeals taken to the Indiana board of tax review or to the Indiana tax court."  IND. CODE § 6-1.1-15-17.2(a)-(b) (2020) (repealed 2022).  That statutory exception also stated that

6

[i]f the gross assessed value of real property for an assessment date that follows the latest assessment date that was the subject of an appeal described in this subsection is increased above the gross assessed value of the real property for the latest assessment date covered by the appeal, regardless of the amount of the increase, the county assessor or township assessor (if any) making the assessment has the burden of proving the assessment is correct.[4]

I.C. § 6-1.1-15-17.2(d).

## ANALYSIS

On appeal, Abraytis seeks reversal of the Indiana Board's final determination. (See, e.g., Appellant's Br. ("Pet'r Br.") at 5 (stating that "[t]he 2020 Tax Year Assessment is in Contempt of Court").) She has not demonstrated, however, that the Indiana Board's final determination is erroneous.

At the administrative hearing, Abraytis presented into evidence her revised property record card showing how the Assessor should have applied Indiana's cost schedules and thus what he should have determined the assessed value of her property should be. Unpersuaded, the Indiana Board explained that Abraytis needed to, instead, present market-based evidence to support her value. (See Cert. Admin. R. at 103 ¶ 40.) To merit reversal now on appeal, Abraytis must persuade the Court that the Indiana Board's conclusion was in error. See I.C. § 33-26-6-6(e)(1)-(5). But, just as she failed to present cogent reasoning and legal authority to the Indiana Board in support of the

---

[4] On December 13, 2021, this Court issued an opinion regarding the meaning of the word "correct" as used in Indiana Code § 6-1.1-15-17.2. See Southlake Indiana, LLC v. Lake Cnty. Assessor, 181 N.E.3d 484, 488-89 (Ind. Tax Ct. 2021), review denied. The Indiana Supreme Court denied review on that case on June 28, 2022, almost three months after this Court took Abraytis's case under advisement. See Southlake Indiana, LLC v. Lake Cnty. Assessor, 190 N.E.3d 922 (Ind. 2022). Neither Abraytis nor the Assessor sought leave of the Court to address the impact of the Southlake decision on their case and as a result, the Court will not invent an argument on their behalf. See, e.g., Lowe's Home Centers, Inc. v. Monroe Cnty. Assessor, 160 N.E.3d 263, 273-74 (Ind. Tax Ct. 2020) (explaining that the onus is on the parties, not on the Court, to make cogent arguments).

changes to her property record card, she failed to clearly support her reasoning to the Court. (Compare Cert. Admin. R. at 22-62, 123-29 with Pet'r Br.)

Indeed, most of Abraytis's reasons for challenging the final determination are unclear. For instance, she asserts in her written brief that

> [i]n ordinary prudence in having ample time the assessor making no correction is not only aware but is telling of the assessor in deliberate fraud. Both the refund calculations and the 2020 assessment land valuation the taxpayer has not seen to fruition of the irrevocable judicial process in effect.

(Pet'r Br. at 9 (citation omitted).) She later asserts that "[t]he objected analysis from the Board are to the appraisal in so much that it is seemingly [the Assessor's] defense. That while not testimony in the hearing effecting the petitioner to a tier of corruption of divorcing from the judicial process." (Pet'r Br. at 21.) Moreover, Abraytis cites a plethora of statutes in her brief, but she provides no analysis of how or why the statutes cited apply to her case. (See Pet'r Br.)

By failing to provide the Court with cogent reasoning supported by legal authority, Abraytis has waived this Court's review of her claims. See, e.g., Lowe's Home Centers, Inc. v. Monroe Cnty. Assessor, 160 N.E.3d 263, 273-74 (Ind. Tax Ct. 2020) (explaining that the onus is on the parties, not on the Court, to make cogent arguments); Crystal Flash Petroleum, LLC v. Indiana Dep't of State Revenue, 45 N.E.3d 882, 886 n.7 (Ind. Tax Ct. 2015) (indicating that the Court will not resolve an issue when its proponent fails to provide sufficient legal analysis); Scopelite v. Indiana Dep't of Local Gov't Fin., 939 N.E.2d 1138, 1145 (Ind. Tax Ct. 2010) (explaining that when a litigant fails to provide any citations to evidence contained in the certified administrative record as factual support for his argument, the argument is waived as the Court is not required to search the

administrative record to make his case for him); <u>U.S. Fid. & Guar. Ins. Co. v. Hartson-Kennedy Cabinet Top. Co.</u>, 857 N.E.2d 1033, 1038 (Ind. Ct. App. 2006) (stating that when a party presents no cogent argument to support its assertion, the assertion is waived). <u>See also</u> <u>Shepherd v. Truex</u>, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004) (explaining that <u>pro</u> <u>se</u> litigants are held to the same standard as legal counsel; thus, poorly developed, non-cogent arguments are waived). Accordingly, she has not demonstrated to the Court that she is entitled to relief.

**CONCLUSION**

Abraytis has not met her burden to show that the Indiana Board's final determination is erroneous. Accordingly, the Indiana Board's final determination is AFFIRMED.